UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JOSHUA J. VANBUREN | CIVIL ACTION NO. 17-1680 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| DISTRICT ATTORNEY OFFICE OUACHITA PARISH, ET AL. | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Plaintiff Joshua J. VanBuren, a detainee at Ouachita Correctional Center proceeding pro se and in forma pauperis, filed the instant Complaint on December 28, 2017, under 42 U.S.C. § 1983. Plaintiff alleges that he is awaiting trial on charges of aggravated assault with a firearm and illegal use of a dangerous weapon. He names "District Attorney Office Ouachita Parish," Josephine P. Heller, Nick Anderson, Doug Walker, Daniel J. Hunter, and Shirley Wilson Davis as Defendants.[1] For the following reasons it is recommended that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

### Background

Plaintiff alleges that he has "been a victim of multiple malicious prosecution[s] filed by the Ouachita Parish, LA District Attorney['s] Office." He claims that several district attorneys have filed and dismissed multiple bills of information.[2]

Plaintiff maintains that, on January 4, 2011, Defendant Davis charged him with distribution of cocaine. On April 7, 2017, Defendant Walker moved to dismiss the charge.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

[2] All of the individual Defendants are, according to Plaintiff, assistant district attorneys.

Plaintiff alleges that, on June 6, 2012, Defendant Heller charged him with possession of cocaine and "possession while on school property or within 1000 ft. of school property." On March 11, 2013, Defendant Anderson moved to dismiss the charges.

On July 18, 2014, Defendant Anderson charged Plaintiff with possession of marijuana with intent to distribute, possession of cocaine with intent to distribute, possession of Alprazolam with intent to distribute, and possession of drug paraphernalia. On April 7, 2017, Defendant Walker moved to dismiss the charges. On September 19, 2014, Defendant Walker charged Plaintiff with attempted second degree murder and intimidating a witness. On February 16, 2016, Defendant Walker moved to dismiss the charges.

On March 15, 2017, Defendant Hunter charged Plaintiff with aggravated assault with a firearm and illegal use of a dangerous weapon. Plaintiff argues that he was "twice put in jeopardy for the same offense." He maintains that he has been incarcerated since January 26, 2017, on pending charges.

Plaintiff seeks nominal damages, $500,000.00 in punitive damages, and $500,000.00 in compensatory damages for pain and suffering, emotional distress, loss of wages, and defamation. Plaintiff filed a related suit in this Court on December 28, 2017, alleging that several officers and detectives employed by the West Monroe Police Department falsely arrested him on multiple occasions. *VanBuren v. Police Dep't City of West Monroe*, No. 3:17-cv-1684 (W.D. LA. Dec. 28, 2017). That proceeding is pending. *Id.*

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is a detainee who has been permitted to proceed in forma pauperis. As a detainee seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. District Attorney's Office**

Plaintiff faults the Ouachita Parish District Attorney's Office for maliciously prosecuting him on several occasions. The Ouachita Parish District Attorney's Office is not, however, a "person" capable of being sued under Section 1983. Louisiana law does not permit a district attorney's office to be sued in its own name. Rather, the current[4] district attorney, in his or her official capacity, is the proper party. *Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir. 1999); *Delta Fuel Co., Inc. v. Maxwell*, 2011 WL 5159703, aff'd, 485 Fed. Appx. 685, 686 (5th Cir. 2012). Accordingly, Plaintiff's claims against the Ouachita Parish District Attorney's

---

[4] *Thompson v. Connick*, 553 F.3d 836, 869, n.27 (5th Cir. 2008) (noting that a plaintiff should name the *current* district attorney), on reh'g en banc, 578 F.3d 293 (5th Cir. 2009), rev'd on other grounds, 563 U.S. 51 (2011).

Office should be dismissed for failure to state a claim upon which relief can be granted.

### 3. Assistant District Attorneys

Plaintiff alleges that the individual Defendants are all district attorneys who maliciously filed and dismissed several bills of information. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (holding that a prosecutor's conduct in connection with preparing and filing charging documents was protected by absolute immunity). The Fifth Circuit has consistently held that the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. *See Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006); *Nickerson v. Texas*, 209 F.3d 718 (5th Cir. 2000). Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently. *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016).

Here, the individual Defendants, who are allegedly all assistant district attorneys, are entitled to absolute prosecutorial immunity from Plaintiff's claims of malicious prosecution. Their alleged actions involved only the initiation of judicial proceedings in the course of their roles as advocates for the State. Accordingly, Plaintiff's malicious prosecution claims should be denied and dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief against defendants who are immune from such relief.

### **Recommendation**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Joshua J. VanBuren's Complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief can be granted and for seeking monetary relief against defendants immune from such relief.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Service, [doc. # 9], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 18th day of April, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE